UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) FOR PUBLICATION |
| | ) |
| | ) Chapter 7 |
| CHARLES ALEXANDER WILLIAMS, | ) |
| | ) Case No. 22-11119 (MG) |
| Debtor. | ) |
| | ) |

**MEMORANDUM OPINION RE MOTION TO LIFT THE AUTOMATIC STAY AND
DECLINING TO IMPOSE SANCTIONS ON DEBTOR'S COUNSEL**

*A P P E A R A N C E S:*

RICHARD KISTEN, ESQ.
*Attorneys for Creditor Jose Suriel*
128-22 Rockaway Boulevard
South Ozon Park, New York 11420
By:    Richard Kisten, Esq.


**MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion for relief from the automatic stay (the "Motion," ECF Doc. # 16) with respect to pending eviction proceedings against the Debtor. The Motion was filed on October 20, 2022, by the Debtor's landlord Jose Suriel (the "Landlord"). Attached to the Motion as Exhibits A through D, are the residential lease, the final judgement of possession, the Debtor's Chapter 7 petition, and an affidavit of Jose Suriel in support of the Motion (the "Suriel Affidavit"). No oppositions to the Motion have been filed.

At the hearing on December 2, 2022, the Court granted the Motion and the Order has already been entered. The Court said at the hearing that it intended to issue an Opinion addressing the potential consequences for Debtor's counsel in failing to disclose on the bankruptcy petition that the Landlord had obtained a prepetition judgment for possession.

1

## I. BACKGROUND

Jose Suriel is the landlord of the real property located at 3508 Boller Avenue, 2nd Floor, Bronx, New York, 10466 (the "Property"), with Debtor as tenant, pursuant to a written lease (the "Lease"). (Motion ¶ 4.) The Debtor originally moved into the Property in 2018 pursuant to the written lease agreement. The lease term expired on June 15, 2020 but the Debtor remained in possession on a month-to-month basis with no written lease agreement. *(Id.)*

Before the Lease term expired the Debtor fell behind on his payment of rent and the Landlord commenced an eviction proceeding in the Bronx County Civil Court, Landlord Tenant Part bearing Index Number 308269/2020. *(Id.* ¶ 5.) As a result of the Coronavirus Pandemic and the Statewide Moratorium on evictions, the eviction action was stayed until the Moratorium was lifted in January 2022. *(Id.* ¶ 6.)

Thereafter, the eviction proceeding was restored to the Civil Court calendar. *(Id.* ¶ 7.) On June 6, 2022, the Debtor, represented by counsel in the eviction proceeding, entered into a stipulation of settlement whereby: (1) a final judgment of possession was granted to the Landlord; (2) a warrant of eviction was issued forthwith, with execution of warrant stayed through July 11, 2022; (3) if the debtor paid the Landlord $2,000.00 on or before July 11, 2022, execution of warrant was stayed through August 11, 2022; (4) if the debtor paid the Landlord an additional $2,000.00 on or before August 11, 2022, execution of warrant was stayed through August 31, 2022; (5) a money judgment was entered in the amount of $40,000.00 for unpaid use and occupancy. *(Id.* ¶ 7.)

The Debtor made the two payments of $2,000.00 each to stay execution of the warrant of eviction through August 31, 2022. *(Id.* ¶ 7.) The Debtor filed this chapter 7 case on August

2

16, 2022. (*See* ECF Doc. # 1.)  The Debtor was represented by counsel Anthony R. Montoya, who filed the petition on the Debtor's behalf. (*See id.*)  Although the Debtor lists the Landlord as a creditor, the Debtor failed to disclose on the voluntary petition that a judgment for possession was entered against him. (Motion ¶ 9.)  After August 31, 2022, however, the Debtor failed to vacate or otherwise deliver possession of the Property to the Landlord, as required by the stipulation of settlement. (*Id.* ¶ 10.)

The Landlord proceeded to engage a New York City Marshal to proceed with service of Marshal's Notice of Eviction, which was served on the Debtor by the Office of the New York City Marshal on or about September 14, 2022. (*Id.* ¶ 11.)  The NYC Marshal scheduled the eviction for September 30, 2022. (*Id.* ¶ 12.)  The eviction was stayed after the NYC Marshal learned that the Debtor filed the bankruptcy petition. (*Id.* ¶ 14.)

The Motion sought either a determination that the stay is not in effect, or an order vacating the stay because of the Debtor's failure to comply with the requirements of section 362(*l*) of the Bankruptcy Code. (*Id.* ¶ 3.)

On December 2, 2022, the Court held a hearing on the Motion and entered an Order confirming the absence of the automatic stay and allowing the Landlord to proceed with the eviction. (ECF Doc. # 23.)  Montoya did not file a response to the Motion or appear at the hearing.  At the hearing, Landlord's counsel said that Mr. Montoya did not contact him regarding the Motion.

As explained below, the Debtor's counsel was required to disclose on the bankruptcy petition that the landlord had obtained a prepetition judgment for possession.  He did not do so. The failure to make the required disclosure may lead to an award of sanctions against counsel, although the Court declines to do so on the record in this case.  Montoya and other debtors'

3

counsel should be forewarned that the consequences for failure to make the required disclosures can be serious.

## II.  LEGAL FRAMEWORK

### A.  Application of Automatic Stay

Section 362(b)(22), added to the Bankruptcy Code in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides that the automatic stay pursuant to section 362(a)(3) does not apply to the "continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor."  11 U.S.C. § 362(b)(22).

Section 362(*l*)(5)(A) provides that "[w]here a judgment for possession of residential real property in which the debtor resides under a lease or rental agreement has been obtained by the lessor, the debtor shall so indicate on the bankruptcy petition and shall provide the name and address of the lessor . . . on the petition . . . ."  11 U.S.C. § 362(*l*)(5)(A).  Debtor's counsel did not do what was clearly required by the statute.  This subsection is intended to alert the court and the landlord that the automatic stay is not triggered by the bankruptcy filing unless the debtor satisfies a limited exception to section 362(b)(22) as described immediately below.  Debtor didn't do that either.

Section 362(*l*) provides a limited exception to the strictures of section 362(b)(22).  The automatic stay does apply for a 30-day period after the filing of the bankruptcy petition if the debtor files with the petition a certification under penalty of perjury that "under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be

4

permitted to cure the entire monetary default that gave rise to the judgment of possession after that judgment of possession was entered." 11 U.S.C. § 362(*l*)(1)(A). A debtor must also deposit with the clerk of the court with the bankruptcy petition any rent that would become due during the 30-day period after the filing of the bankruptcy petition. 11 U.S.C. § 362(*l*)(1)(B). To extend the stay beyond the initial 30-day period, within that period the debtor must cure "under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought." 11 U.S.C. § 362(*l*)(2).

As described in more detail below, because the Debtor did not do what the statute in this limited exception requires, the automatic stay was not triggered in this case. The result, of course, is that the Landlord was forced to file the lift stay motion, or to seek a comfort order that no stay was in place. Absent such relief, the NYC Marshall will not proceed with an eviction. What are the consequences for counsel for failing to comply with the statute?

### B. Bankruptcy Court's Sanctioning Powers

The Court dealt with the sanctions issue and imposed sanctions on debtor's counsel who failed to disclose a prepetition judgement for possession in *In re Green,* 422 B.R. 469 (Bankr. S.D.N.Y 2010). In *Green*, this Court held that there was no colorable reason for the Debtors' attorney to omit disclosure of the judgment for possession. *See id*. at 474–75. Because the bankruptcy petition in that case was the debtor's second bankruptcy petition filed by the same attorney, it was clear the attorney knew about the judgment for possession and had knowingly omitted it to obtain the protection of the automatic stay. *See id*. The Court awarded sanctions for the landlord's documented attorneys' fees of $4,353.00 and costs of $150.00, resulting from the attorney's failure to comply with section 362(*l*)(5)(A). *Id.* at 477. Here, by contrast, the docket sheet in this case reflects that this was the debtor's first bankruptcy filing so that unlike

5

*Green*, the Court cannot readily conclude that there was no colorable basis for the omission of the required disclosure in the petition.

### III. DISCUSSION

#### A. Whether the Automatic Stay Applies

Here, the automatic stay does not apply to the eviction proceeding. The default rule is that the automatic stay does not apply to eviction proceedings where the lessor obtained a judgment for possession prior to the petition date. 11 U.S.C. § 362(b)(22). Here, the Landlord obtained a judgment of possession on July 6, 2022, before the August 16, 2022 Petition Date, and thus under section 362(b)(22), the default rule provides there is no stay applicable to the eviction proceeding.

Section 362(*l*) of the Bankruptcy Code provides a limited exception to the rule, and provides for a 30-day stay, if certain specific conditions are met. The Debtor here has met none of the conditions, and thus under section 362(b)(22) the stay is not applicable to the eviction proceedings. To trigger the 30-day stay under section 362(*l*), the Debtor was required to file with the petition a certification that under non-bankruptcy law the Debtor would be permitted to cure the default and deposit the amount of rent that would become due during the 30-day stay with the clerk of court.

Additionally, under section 362(*l*)(2), within the 30-days after the petition is filed, the Debtor was required to certify that the Debtor has cured the entire monetary default that gave rise to the judgment of possession. The Debtor did not (i) disclose in the petition that there was a final judgment for possession, (ii) make the required certification and deposit with the Clerk of the Court with the petition the amount of the rent due within the first 30 days after filing the petition, or (iii) make the certification within the first 30 days after filing the petition

that the Debtor cured the entire amount of the monetary default that gave rise to the judgment of possession. Because there is no applicable stay under 11 U.S.C. § 362(b)(22), the Motion was **GRANTED**. The Landlord may proceed with the eviction.

### B. Whether Sanctions Against Debtor's Counsel Anthony R. Montoya, Esq. are Appropriate

Mr. Montoya's failure to disclose the judgement for possession forced the Landlord to move the Court to lift the Automatic Stay against the eviction proceeding. As discussed above, the Landlord's motion correctly argued that the automatic stay was never in effect due to the Debtor's failure to comply with the requirements of 11 U.S.C. § 362(*l*)(1). But unlike in *Green*, where the same lawyer filed two successive petitions, it is not clear on the face of the record that Mr. Montoya knew about the judgment of eviction when filing the petition. *See* 422 B.R. at 474–75. Rather than prolonging this proceeding by issuing an order to show cause why sanctions should not be awarded against Montoya, the Court concludes this matter with a warning to Montoya not to do this again in a case before me or any one of my colleagues as the result in a future case may not be so generous.

**IT IS SO ORDERED**.

Dated: December 5, 2022
New York, New York

                                             _____*Martin Glenn*_____
                                             MARTIN GLENN
                                 Chief United States Bankruptcy Judge